IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JASON MILFORD GARLAND** | ) | **CASE NO. 4:23 CV 1759** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **SHERIFF PAUL MONROE** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendant.** | ) | **AND ORDER** |

*Pro se* plaintiff Jason Milford Garland filed this *in forma pauperis* action under 42 U.S.C. §1983 against Sheriff Paul Monroe. Plaintiff's complaint concerns alleged civil rights violations that occurred during his confinement at the Trumbull County Jail (Doc. No. 1).

**I. Background**

Plaintiff alleges that when he was booked in the Trumbull County Jail, his kufi was taken and "this Administration continues to tell me they don't practice Islam/Muslim" and he should "read [the] Bible." (Doc. No. 1-2). Plaintiff alleges that after complaining that his kufi was taken, he was placed in segregation where he was forced to live in inhumane conditions. Plaintiff claims that he was denied access to the law library and to the courts and Sergeant Maynard opened his legal mail. Plaintiff also claims that he filed grievances regarding the purported misconduct. (*Id.*).

Plaintiff alleges that these actions violated the Eighth and Fourteenth Amendments. And he seeks compensatory relief.

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application by separate order.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most

-2-

favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

**III. Discussion**

A plaintiff cannot establish the liability of any defendant under Section 1983 absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 Fed. App'x. 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish Section 1983 liability"). Individual liability must therefore "be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991).

Here, Plaintiff generally alleges that his kufi was taken, and after complaining, he was sent to segregation where he was forced to live in inhumane conditions. The complaint simply contains no facts that specifically connect Sheriff Monroe to the conduct described in the complaint. He therefore cannot be liable under Section 1983 for the alleged misconduct. *See Johnson v. Brooks*, No. 4:18 CV 732, 2018 U.S. Dist. LEXIS 105800, *6 (N.D. Ohio June 25, 2018) (dismissing retaliation claim where Plaintiff fails to allege facts connecting the defendants to the alleged retaliation). And although Plaintiff claims that Sergeant Maynard opened his legal mail, the sergeant is not listed as a defendant in the caption of the complaint, nor is he listed in the "Parties" section of the complaint. The Court will therefore not consider any claims against Sergeant Maynard.

Additionally, to the extent Plaintiff alleges Sheriff Monroe is liable for the actions of his deputy sheriffs or for his alleged mishandling of Plaintiff's grievances, Plaintiff fails to state a claim. Supervisory officials and employees cannot be held liable under Section 1983 solely on the basis of respondeat superior, or the right to control employees, or on the basis that they failed to remedy a subordinate's unconstitutional conduct or denied an administrative grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). The Sixth Circuit has held that to be liable under Section 1983, a supervisor must at least implicitly authorize, approve, or knowingly acquiesce in the unconstitutional conduct of the offending officers. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Because Plaintiff fails to state any facts suggesting Sheriff Monroe directly participated, encouraged, authorized, or acquiesced in the claimed wrongful conduct, he fails to state a supervisory claim under Section 1983.

**IV. Conclusion**

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). Plaintiff's motion for the appointment of counsel (Doc. No. 3) is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 4, 2024